UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELVIS MIRANDA BRAVO,

    Petitioner,

v.                                         Case No.:  2:25-cv-1046-SPC-DNF

KRISTI NOEM *et al*.

    Respondents,
_____/

**OPINION AND ORDER**

    Before the Court are Elvis Miranda Bravo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Miranda Bravo's reply and memorandum (Docs. 6 and 7).  For the below reasons, the Court grants the petition.

    Miranda Bravo is a native and citizen of Guatemala who entered the United States as an unaccompanied child in May 2022.  On June 9, 2022, the Department of Health and Human Services' Office of Refugee Resettlement released Miranda Bravo into the care of his brother, and he has lived with his brother in this country since then.  He has a valid driver's license, work authorization through 2029, and no criminal record.  Miranda Bravo applied for asylum and withholding of removal in May 2024, and the application remains pending.  Immigration and Customs Enforcement ("ICE") arrested

Miranda Bravo during a traffic stop on November 7, 2025, and detained him at Alligator Alcatraz without a bond hearing.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Miranda Bravo. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Miranda Bravo asks the Court to order the respondents to either release him or provide a prompt bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in recent cases that presented the same issues, *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Miranda Bravo's detention is governed by § 1226(a), not §

1225(b)(2). As a noncitizen detained under § 1226(a), Miranda Bravo has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is hereby **ORDERED**:

Elvis Miranda Bravo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) On of before **December 15, 2025**, the respondents shall either (1) bring Miranda Bravo for an individualized bond hearing before an immigration judge or (2) release Miranda Bravo under reasonable conditions of supervision. If the respondents release Miranda Bravo, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on December 5, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1